## LEVIES ON GOODS AND CHATTELS IN LIQUOR CASES.

Common Pleas Court of Franklin County.

J. A. McCune v. William M. Ginder, County Treasurer.

The August Wagner Products Co. v. William M. Ginder, County Treasurer.

J. M. Cronin, v. William M. Ginder, County Treasurer.

Decided, 1924.

*Intoxicating Liquors—Levies on Goods and Chattels in Dow Law Cases—Precedence of such Levies over all other Liens.*

The fact that the Legislature in amending Section 6072 left Section 6078 unmodified, indicates a purpose to continue in force the seemingly harsh provision which makes levies on goods and chattels under the Dow-Aiken tax law superior to all other liens, mortgages, conveyances or incumbrances.

*Langdon Williams,* for J. A. McCune, and The August Wagner Products Company.

*E. J. Greely,* for J. M. Cronin.

*Wilbur E. Benoy,* for William M. Ginder, County Treasurer.

Thomas, J.

The evidence shows that one Oscar Jenkins had previously conducted a lunch room, pool room and soft drink parlor in the city of Columbus. While in this business he sold intoxicating liquors contrary to law and pleaded guilty to this charge. Thereupon, pursuant to General Code Section 6071 and following, the county auditor assessed the Dow tax against said Jenkins and the county treasurer levied upon the personal property used by Jenkins and threatens to sell the same to satisfy said tax.

The plaintiffs severally claim to own certain of this personal property and say that Jenkins was enjoying the use of their property, and that the fact of his selling intoxicating liquor in the room where this property was used was wholly without their knowledge or consent. The plaintiffs bring action to enjoin the treasurer from collecting the Dow tax or interfering with the goods and chattels.

The evidence shows as to the Cronin case that the goods claimed by him were placed in the room after the sales of intoxicating liquor had been made, and as to his case a permanent injunction restraining the treasurer from selling or interfering with his property is allowed.

As to each of the other two plaintiffs, their chattels were in the room and being used by Jenkins in his business at the time the sales of intoxicating liquor were made.

General Code Section 6078, authorizes the treasurer to levy upon and sell these goods to satisfy the taxes in question. The statute provides that such levy shall take precedence over all liens, mortgages, conveyances or incumbrances taken or had on such goods and chattels so used in carrying on such business, and no claim of property by a third person to such. goods and chattels so used in carrying on such business shall avail against such levy by the treasurer. The plaintiffs say that this latter provision of the statute is unconstitutional.

The condition of the law of this state upon the question is at this time confusing. General Code Section 6072, is analogous to that recited, authorizing a lien to attach for such taxes to the real property in which the business is conducted. In the statute nothing is said about the ownership of such real property.

In *Evans* v. *Mannix, Treasurer*, 90 Ohio State, 355, the Supreme Court, referring to Section 6072, holds the statute unconstitutional so far as it would operate against the owner of premises whose tenant might make illegal sales without his knowledge or consent.

On the other hand, the case of *Pioneer Trust Co.* v. *Stich,* 71 Ohio State, 459, holds that as against the lien for such tax, a prior mortgage lien upon the real estate in which the liquor is sold is held inferior to the tax lien, though the mortgagee was wholly innocent that the premises would be or were used for such illegal purposes.

I can see no difference in principle in these two cases, and in my opinion they are contradictory, though the case in the 90th Ohio State by some fine hair-splitting undertakes to

preserve the authority of the case in the 71st Ohio State. The court says in the 71st Ohio State that to deprive the mortgagee of his lien is an extreme hardship, but insists that it is a matter for correction by the Legislature.

That there is a disposition not to follow the rule of the 90th Ohio State further than the exact facts there require is evidenced by the case of *Brannan, Treasurer,* v. *Schartzer,* (4 Ohio App. 356; 23 CC N. S.), which was decided a year later than the case of *Evans* v. *Mannix, supra.* The principle in these two cases is the same, though the court of appeals follows the 71st Ohio State case rather than the case just mentioned.

In view of the fact that the Legislature has amended Section 6072 since the 90th Ohio State case has decided and now provides that the tax shall operate only against the owner of premises who has knowledge of the illegal sales when made, while at the same time the Legislature did not modify Section 6078, under which the treasurer is operating in these cases, would indicate that it was the purpose of the Legislature that the seemingly harsh provisions of the statute should continue to operate as against the chattel property.

Since the facts of these cases do not come within the facts of the 90th Ohio State case, but are subject to a different statute which is much more specific and explicit than the one with which the 90th Ohio State case was dealing, I am inclined to follow the case of *Baldwin* v. *Pelton,* 1 Hosea, 68, 19 O. D. (N.P.), 546, the syllabus of which recites:

"The provision making possession of property conclusive evidence of ownership is not unconstitutional, and tax upon the liquor traffic is superior to all other liens."

The restraining order in cases 93138 and 93139 are disallowed. Exception on the part of the plaintiff noted.

Appeal bond fixed in the sum of one hundred dollars in each case.